JAMES GAMWELL *vs.* MERCHANTS AND FARMERS' MUTUAL FIRE INSURANCE COMPANY.

The question, whether a change of circumstances, in regard to property insured, increases the risk, is a question of fact for the jury.

A building, insured as a "dwelling-house," was vacated by the tenant fifty-three days before its loss by fire. *Held,* that although the jury found that such change of circumstances increased the risk, the owner might still recover, if he used all reasonable exertions in the mean time to procure another tenant.

THIS case was tried in the court of common pleas, March term, 1853, before *Hoar,* J., who signed the following bill of exceptions :

" The plaintiff claims to recover, under a policy of insurance issued by said company, for the accidental loss of a dwelling-house insured for $1,000. The policy was issued May 1, 1850, for the term of five years. The loss occurred 23d of May, 1852. The defence set up is, that the plaintiff represented in his application, that the dwelling-house was used and occupied for ' farmers' use,' and that the plaintiff had avoided and invalidated his policy, because during the

continuance of the same, and previous to the time of loss, there ' was a change of occupancy or of business in the building insured, causing an increase of risk,' and because 'the state of things in or about the buildings insured, were so altered or changed by the advice, consent, or procurement of the assured, as to cause a material increase of the risk, and because the loss happened through the gross, wanton, or wilful misconduct of the assured, or through his gross or culpable negligence.'" It appeared in evidence from the testimony of the tenant Keith, that he leased said house and farm from the plaintiff for the term of one year from the 1st day of April, 1851, as he had done the year preceding, under an agreement to carry on the farm upon shares; that on the 8th of March, 1852, during this occupation of said house and farm as tenant, he purchased a farm nearer to the residence of said plaintiff, but situate upon a different highway from that leading to said plaintiff's residence, in Palmer village, and that his said purchase was not kept private, but he could not say that he ever informed said plaintiff of it, previous to the 1st of April, 1852; that he commenced moving his goods from said plaintiff's house on the last day of March, 1852, and his family vacated the same the next day; that he left some of his goods in said house, and moved away parts of them at five or six different times between the said 1st of April, 1852, and the time of loss; that he fastened up said house when his family vacated it, on the inside, except one lower window, which was fastened on the outside, with a nail over the sash.

It also appeared in evidence by the notice of loss, that said plaintiff, when he gave such notice, knew that said dwelling-house had been vacated by his tenant, and left unoccupied, from the early part of April preceding, up to the time of loss. It also appeared that about the 20th of said May, said plaintiff was seen planting corn upon land near said house, and was seen going to and from said land almost every day in the forepart of May. Evidence was offered as to the efforts which were made by the plaintiff to procure a new tenant, and from persons skilled in the business of insurance upon the question, whether such a house being unoccupied,

would occasion a material increase of the risk, for which a higher premium would be required, under the policy declared on, and application forming a part of the same, the counsel for the defendants asked the court to instruct the jury, that the plaintiff was not entitled to recover; that the testimony was sufficient to prove a change of occupancy in the buildings insured, causing a material increase of risk, and that the state of things in or about the buildings insured, was so altered or changed, by the advice, consent, or procurement of the assured, as to cause a material increase of the risk, and therefore the plaintiff was not entitled to recover. But the presiding judge declined so to instruct the jury, but did instruct them, that if they found there was no material increase of risk caused by the change of occupancy or of business, in said buildings, to find a verdict for the plaintiff; but if they were satisfied that a dwelling-house being unoccupied, occasioned a material increase of risk, still if they were satisfied that the house was occupied as a dwelling-house up to the 1st of April, 1852, and was still intended by the owner to be used as a dwelling-house, and he was making all reasonable efforts to get a new tenant, and expecting to obtain one, the time for which the house remained empty, under the circumstances of this case, would not avoid the policy, and the plaintiff was entitled to recover.

Upon the foregoing instructions, the jury found a verdict for the plaintiff, and the defendants excepted.

*E. B. Stoddard,* for the defendants.

*E. W. Bond,* for the plaintiff.

By THE COURT.[1] The directions were right. The question of increase of risk was a question of fact for the jury, and it was submitted to them with correct instructions *in matter of* law. *Exceptions overruled.*

[1] THOMAS, J., and MERRICK, J., did not sit in this case.